## STEELE vs. ADAMS.

1. Where one knowingly suffers another, in his presence, to purchase property to which he has a claim or title, which he wilfully conceals, he will be deemed to have waived his claim, and will not afterwards be permitted to assert it against the purchaser or his privies; but if the person having the claim or title, and being so present, is not apprized of his rights, or if, from any other cause, the duty of asserting them does not devolve upon him to protect the purchaser from injury, the reason of the rule ceases, as there is no violation of duty, and the rule itself does not apply.

2. The *onus probandi* in such case lies upon the purchaser, to show that the party's silence was wilful; but this requires no positive proof, and may be inferred by the jury whenever the surrounding circumstances are such as to warrant the belief that his silence was incompatible with innocence of inten-

tion or object; and if such was the case, it is immaterial whether or not the act of the purchaser was influenced by it.

3. But where the purchaser is already apprized of the existence and character of the claim, notice and the assertion of it would be a useless and unnecessary act, so far as he is concerned.

4. A compliance with the statutes of registration in relation to mortgages is equivalent to actual notice, so far as to charge a subsequent purchaser from the mortgagor.

5. The retention of the possession of mortgaged property, by the mortgagor, after the law day has passed, is not *prima facie* evidence of fraud, nor a circumstance to which the law attaches the presumption of payment; nor is the purchaser authorized to infer payment of the mortgage debt, from the retention of possession by the mortgagor after the law day has passed, unless under such circumstances as would satisfy a jury of that fact.

6. Where the mortgaged property is sold, after the law day of the mortgage has passed, under execution against the mortgagor, which came to the hands of the sheriff after the mortgage was recorded, at which sale the mortgagee is present, and does not disclose his claim, and the property is purchased by one who was not apprized of the mortgagee's presence at the sale, the registration of the mortgage operates as actual notice to the purchaser and his privies.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. E. PICKENS.

DETINUE by Steele against Adams, for the recovery of a slave which the plaintiff claimed under a mortgage executed to him by one Borland, and which the defendant claimed through a purchaser at sheriff's sale under execution against Borland.

The evidence showed, that the mortgage was executed and duly recorded before the executions under which the slave was sold came to the sheriff's hands, and that the sale took place after the law day of the mortgage had passed; that the plaintiff was present at the sale, and did not disclose his claim on that occasion; that said slave was purchased at the sale by a person who did not know that the plaintiff was present at the sale.

Upon this evidence, the court charged the jury: that, if the plaintiff was present, and knew of the sale of the slave in controversy, and did not notify the by-standers of his claim, or forbid the sale, then he could not recover in this suit, notwithstanding the mortgage was duly recorded; to which charge the plaintiff excepted.

The plaintiff requested the court to give the following charges:

" 1. That if his mortgage was duly recorded, then that registration operated as notice to the world, and although plaintiff may have been present, and knew of the sale, he was not bound to forbid it, or to give further notice of his claim;

2. That plaintiff's claim being based on Borland's mortgage to him, and that mortgage having been duly proved and recorded in the proper county within twelve days after its execution, if the jury find, that said mortgaged property was in the county of Lowndes at the time the mortgage was made, and continued there until the levy and sale; and if the jury further find, that said mortgage was made in good faith, to secure a *bona fide*, subsisting debt, and the said mortgage debt is unpaid, then plaintiff's right to recover is not impaired by his presence and silence at the time of the sale, unless the testimony convince the jury that he thereby intended to, and did deceive and defraud the purchasers;"

3. That if the purchaser at said sale did not know that plaintiff was present at the sale, and consequently was not influenced to buy by the fact that plaintiff did not forbid the sale or object to it, then the jury must find for the plaintiff, notwithstanding he may have been present at the sale and did not forbid it.

Each one of these charges was refused, and the plaintiff excepted to each refusal; and he now assigns for error the charge given and the several refusals to charge as requested.

WATTS, JUDGE & JACKSON, for plaintiff in error:

Steele was not bound to notify the by-standers of his claim, nor to forbid the sale; his mortgage having been registered, the purchaser of the slave at the sheriff's sale is charged with notice. If he had forbidden the sale, he could not have stopped it, and he was not required to repeat the notice which the record gave. The presumption of notice arising from registration, is not such a presumption as can be rebutted by proof; it is a conclusive presumption. "Mere silence on the part of Steele at the sale, is not sufficient to affect his rights; there must be actual fraud charged and proved, such as false

representations, or denial upon inquiry, or artful assurance of good title, or deceptive silence when information is asked; and the burden of the charge and proof of fraud, lies on the purchaser." Brinkerhoof v. Lansing, 4 Johns. Ch. R., 66.

Steele cannot be estopped from asserting his title now, for estoppels are not favored ; and the facts in this case do not constitute an estoppel *in pais*. To constitute such an estoppel, "three ingredients are necessary; first, misrepresentation, or wilful silence, by one having knowledge of the fact; second, that the actor, having no means of information, was induced, by the conduct of the other, to do what otherwise he would not have done; and thirdly, that injury would ensue from a permission to allege the truth." Commonwealth v. Moltz, 10 Barr's R., 527; U. S. Ann. Digest, 1849, 200, § 27. These requisites do not exist in the present case ; for the purchaser did not even know that Steele was present at the sale, and of course could not have been influenced by his conduct. See also, Kinney v. Farnsworth, 17 Conn., 355; Brown v. Wheeler, ib. 345; Woodman v. Bodfish, 25 Maine R. 317.

ELMORE & YANCEY, for defendants in error :

1. A sale or pledge of a note, or of property, by one having no title, in the presence of the owner, without objection or notice given by the owner of his claim, when it is *sui juris*, estops him from impeaching the transaction on the ground of his title. Bird v. Benton, 2 Dev., 179; Governor v. Freeman, 4 Dev., 472 ; Watson v. McLaren, 19 Wend., 557 ; 21 Wend., 172 ; Thompson v. Sanborn, 11 New Hamp., 201; Tyler v. Yates, 3 Barbour, 222; Davis v. Tingle, 8 B. Monroe, 539; Storrs v. Barker, 6 Johns. Ch., 166 ; Wendell v. Vanrenssalaer, 1 Johns. Ch., 354; Brig Sarah Ann, 2 Sumner, 211 ; 6 Ad. & Ellis, 474.

2. That the claimant is a mortgagee with his deed recorded makes no difference, if the law day has passed when the sale is made. Up to that time the possession of the mortgagor is consistent with the interest and title of the mortgagee, and the contract and the record gives notice of his interest. But when the law day has passed, the possession of the mortgagor is inconsistent with any other fact than the payment of the

35

debt; and this accords with the presumption of law that the debt was paid at maturity, and the record is no notice to third parties, after the law day has passed and the property remains with the mortgagor, that the debt and mortgage are still subsisting and valid, and will not dispense with the necessity of the mortgagee's speaking out when he sees the property about to be sold. If the absolute owner of lands in possession, and with his deed recorded, stands by and permits a stranger, with his knowledge, to sell to another these lands, he is bound by it; and yet there is both constructive and actual notice in the eye of the law to the purchaser of where the title is; and there is no reason for placing the mortgagee, who by the terms of the deed has become the absolute owner, but from negligence omits to take possession, on a better footing than the original, absolute owner.

If Steele had stood by and seen his own negroes sold without objection, he could not afterwards object to the sale on the ground of his title; and no more can he in this instance. The declaration of the sheriff that he is about to sell the negroes as Borland's, is an affirmation that they are Borland's, and Steele by his silence admits the fact. That the purchaser did not know Steele was there makes no difference; he knew that no objection was made by any one of the bystanders, and presumed that there was no claim from this fact, and on that presumption bought. If Steele had declared his right to the negroes would the purchaser have bought? The purchaser acted on the silence of Steele and of every one present, and being so influenced it is an estoppel against Steele.

Steele's silence was deceptive; it did deceive, and it was intended to deceive. He had an interest in the property bringing a high price, because these were executions on which he was bound, and on which he had no security; and when we find a motive for the silence, and that silence inconsistent with any other purpose than this motive, we are compelled to refer the silence to the motive, and determine that the one was caused by the other. This then was a fraudulent silence.

It is contended that a purchaser at sheriff's sale buys nothing but the defendant's interest, while at the same time the

counsel are compelled to admit, that if Steele was guilty of deceptive silence or language the whole interest would pass, Steele being concluded. The admission is an answer to the proposition. If the proposition were true, the purchaser would acquire no title or interest where the absolute owner stood by and saw his property sold, because the defendant in that instance has no interest.

In such cases, the law presumes the sale to be with the assent of the party having the title or claim, and to permit him afterwards to impeach it would be a fraud on the purchaser; good faith when practicable is required.

When A deals with B, who is the agent of C, in relation to property belonging to C, and the subject of the agency, but is ignorant of the agency, and deals with B as the owner of the property, C cannot afterwards disclaim the authority of B, on the ground that A dealt with B as the owner; when A discovers there was a principal, he can hold him responsible. So if the claimant of the property accepts part of the purchase money arising from a sheriff's sale, he is estopped from disputing its validity. In these cases, the knowledge of the other party, or the purchaser, has no influence, and the validity of the sales rests, not upon his knowledge, but on the affirmation by the claimant of the sale from his silence.

GOLDTHWAITE, J.—The principal question presented by the record is, as to the effect of the presence of the plaintiff in error at the time the slave sued for was sold under execution, and his failure on that occasion, under the circumstances by which he was surrounded, to disclose his claim. We understand the general rule to be well settled, that where one knowingly suffers another, in his presence, to purchase property to which he has a claim or title, which he wilfully conceals, he will be deemed, under such circumstances, to have waived his claim, and will not afterwards be permitted to assert it against the purchaser or his privies, Watson v. McLaren, 19 Wend. 557; Bird v. Benton, 2 Dev. Law R. 179; Storrs v. Parker, 6 Johns. Ch. R. 166; Wendell v. Vanrenssalaer, 1 Johns. Ch. R. 354; and this principle may be asserted in relation to personal property, in a court of law. Hare v. Rogers, 9 B. & Cress. 586. The reason of

the rule is founded on the moral duty which devolves upon the person having the claim, if present, to make it known to the purchaser; and failing to assert it at a time when common honesty required him to do so, the law will not allow him afterwards to insist upon it, against him whose purchase may be attributed to his culpable silence. But if the party so present is not apprised of his rights, or if, from any other cause, the duty does not devolve upon him of asserting them, to protect the purchaser from injury, it is evident, that, in such cases, as there is no violation of duty, the reason of the rule ceases, and the rule itself does not apply.

It is, however, urged by the counsel for the plaintiff in error, that *mere* silence is not sufficient to authorize the application of the rule : that it must be a *deceptive* silence, and that the proof that it is so lies upon the purchaser. It is unquestionably true, that it devolves upon the purchaser to establish the fact upon which the validity of his own title depends, and, under the rule which we have laid down, the silence of a person, to amount to the waiver of a claim on his part, must be wilful; and it necessarily follows, that the character of the silence which is essential to invalidate the claim set up, and thus render his own title good, must be established by the purchaser. But this character requires no positive proof, and may be inferred by the jury, whenever the surrounding circumstances are such, as to warrant the belief that the silence of the party having the title or claim to the property, was incompatible with innocence of intention or object; and if such was the case, we regard it as immaterial whether it did or did not influence the act of the purchaser. The law is not founded on the supposition, that the purchase was made for the reason that the party having the claim was silent, but because such party is supposed to have waived his claim, by the failure to assert it.

The record discloses the fact, that the claim of the plaintiff in error to the slave sued for was founded on a mortgage, executed to him by Abram Borland, which had been duly recorded in the proper county, and the law day of which had expired before the sale of the property under execution; and the question is presented, as to the application of the rule upon this state of facts. As the object of the notice is, to

prevent injury to the purchaser, it is clear, that the reason of the rule ceases, and its application could not properly be made to those cases, where the purchaser was apprised of the existence and character of the claim. Notice and the assertion of the claim, so far as he was concerned, would be a useless and unnecessary act; and the whole question in this aspect, is, as to the effect of the registration of the mortgage of Borland to the plaintiff in error, as notice. The whole object of the statutes of registration in relation to mortgages, is, to furnish to all notice of claims of this character, by requiring the instrument creating the lien to be recorded in a designated public office, which is accessible to all; and the uniform course of decision of all courts has been, to consider a compliance with these acts as equivalent to actual notice, so far as to charge a subsequent purchaser. It was upon this ground that Chancellor Kent, in the case of Brinkerhoof v. Lansing, 4 Johns. Ch. R. 66, held, that it was not incumbent on the witness to a lease, with knowledge of its contents, and holding a registered mortgage on a portion of the premises, to disclose his incumbrance to the lessee; and that, in such case, as the latter was chargeable with notice by the registration of the mortgage, it would require direct proof of intentional fraud and deception, to postpone the mortgagee to a subsequent purchaser. We think, therefore, that the registration of the mortgage of the plaintiff in error operated, as to the subsequent purchaser and his privies, precisely the same as if they had actual notice of its existence; and the fact that the law day had passed before the purchase was made, does not, in our opinion, place the purchaser in any better position, as the retention of mortgaged property by the mortgagor after the law day, is not, as in the case of an absolute sale, *prima facie* evidence of fraud, (Simerson v. Branch Bank at Decatur, 12 Ala. 205,) nor a circumstance to which the law attaches the conclusion of payment. Planters' and Merchants' Bank v. Willis & Co., 5 Ala. 771. It is true, as was decided in the case last referred to, that the retention of the possession after the law day, for an unreasonable length of time, by the mortgagor, is a circumstance from which the jury might infer the payment of the mortgage debt; but as the law does not attach this inference to such possession as a

legal presumption, the purchaser would not be authorized to infer payment, unless under such circumstances as would satisfy the jury of that fact.

The view which we have taken of the law, in relation to the effect of registration as notice to the purchaser, will probably be decisive of the case on a future trial, and renders it unnecessary for us to express an opinion on the other points presented in the argument.

The charge given by the court below, and the refusal to give the first and second charges asked, being in conflict with the view which we entertain of the law, the judgment must be reversed, and the cause remanded.