# Yarbrough *v.* P. H. & A. E. Stewart.

*Trespass to Realty.*

(Decided January 23, 1915.   67 South. 989.)

1. *Logs and Logging; Sale of Timber; Right of Entry.*—Where an owner conveyed standing timber with a right of entry for removal, the right of entry was incidental and could not exist apart from the ownership of the timber; hence, one to whom the grantee conveyed only his timber rights was without right of entry, and entry constituted a trespass.

[Yarbrough v. P. H. & A. E. Stewart.]

2. *Same.*—One to whom the owner conveyed standing timber with a right of entry for cutting and removal was not authorized to operate a turpentine orchard on the land.

3. *Same; Possession.*—An owner who conveyed all the standing timber on the land with a right of entry for cutting and removing, was in actual possession of the land as against one to whom his grantee conveyed only the timber rights, and hence, was in actual possession of the timber therein.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by P. H. & A. E. Stewart against E. E. Yarbrough for damages for trespass to realty. Judgment for plaintiff and defendant appeals. Affirmed.

C. E. O. TIMMERMAN, and W. A. GUNTER, for appellant.

EUGENE BALLARD, for appellee.

SOMERVILLE, J.—The action is for trespass to plaintiff's land, and more specifically for "cutting and boxing the timber thereon, and burning over the straw, leaves, and undergrowth thereon, during the months of January and February, 1913." The plaintiff's evidence showed that he was in possession of the land in question; that the defendant did the acts charged; and that the land was thereby damaged to the extent of several dollars per acre. In answer to this, the defendant showed that the plaintiff executed a conveyance in 1909, granting to one Wright all the merchantable timber growing on this land, with a right of entry for cutting and removing the timber for seven years from May, 1909; that Wright conveyed his timber rights therein to one Booker, and Booker conveyed to one Callie Stewart. The defendant then offered to show by parol evidence that this Callie Stewart sold her timber rights to one Dake, who paid to her the purchase money and

was put in possession of the timber; and that thereafter these timber rights passed by mesne written conveyances from Dake to this defendant.

(1) If it were conceded that Dake and his successors acquired an equitable title by his purchase from Callie Stewart, such a title is nevertheless not available to the defendant in this action, and his status here is that of a trespasser without right. It is suggested that his parol purchase at least gave him the rights of a licensee. But the right of entry was incidental merely, and could not exist apart from the ownership of the timber.

(2) Moreover, it appears that the defendant's entry and acts were not for the purpose of cutting and removing timber, but for the purpose of operating a turpentine orchard on the plaintiff's land, which he was not authorized to do, even had he been a legal grantee under Wright.—*Dixie Grain Co. v. Quinn,* 181 Ala. 208, 61 South. 886, ninth headnote.

(3) The land being in the actual possession of the plaintiff, he had the actual possession also of the timber growing thereon.—*Christopher v. Curtis-Atalla Lumber Co.,* 175 Ala. 484, 57 South. 837. And, for aught that is shown by the bill of exceptions, he was entitled to recover damages of the defendant for all of the injuries done by him to the land, including the timber and other growth.

As the plaintiff was clearly entitled to the general affirmative charge on the undisputed evidence, the errors assigned by the defendant are immaterial, and need not be considered.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.