# Yarbrough v. Stewart, et al.

### Bill to Enjoin Collection of Judgment.

(Decided April 20, 1916. Rehearing denied June 1, 1916. 71 South. 986.)

**Logs and Logging; Sale of Timber; Turpentine.**—The right of turpentining is not embraced in the right to cut, remove or manufacture timber.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by E. E. Yarbrough against T. H. Stewart and others, to enjoin the collection of a judgment for trespass upon land. From

a degree sustaining demurrers to the bill, complainants appeal. See in this connection *Yarbrough v. Stewart*, 191 Ala. 454, 67 South. 989.

W. A. GUNTER, and C. E. O. TIMMERMAN, for appellant. EUGENE BALLARD, for appellee.

SOMERVILLE, J.—The bill of complaint seeks to enjoin the respondents from the collection of a judgment for damages "for trespass upon land," recovered by them against complaint, and which was affirmed on appeal to this court.—*Yarbrough v. Stewart*, 191 Ala. 454, 67 South. 989.

The basis shown for this relief is that respondents, as owners of the land in question, sold the merchantable timber thereon, with the right to enter, and cut, remove, and manufacture said timber for any lawful purpose, that these rights passed by mesne conveyances to one Gibbons, whose title and rights were, however, equitable only, by reason of a misdescription of the lands in one of the intermediate deeds, and that Gibbons leased to complainant "the turpentine rights" on said lands. The theory of the bill is that complainant's turpentine lease from Gibbons would have been a complete defense to the trespass suit but for the defect in Gibbons' legal title and rights to the timber; the equity being unavailable in such an action at law; and complainant now asserts in equity his equitable rights to defeat an inequitable judgment.

Conceding that Gibbons is invested with a perfect legal title to the timber and all the incidental rights originally granted by respondents to his predecessor, the bill of complaint is nevertheless without equity. Gibbons himself had no right to use the land for the purpose of taking turpentine from the trees thereon, and he could not authorize another to do what he could not do himself; for the right of "turpentining" is not embraced in the right to cut, remove, or manufacture timber.—*Dixie Grain Co. v. Quinn*, 181 Ala. 208, 61 South. 886; *Yarbrough v. Stewart*, 191 Ala. 454, 67 South. 989.

It is urged that, even so, complainant's entry upon the land was not unlawful, since he may be regarded as the agent or servant of Gibbons with respect to such entry; and hence the trespass suit being for an unlawful entry, the establishment of Gibbons' legal rights by a corrected deed would render complainant's entry lawful, and would have defeated that suit.

There are two sufficient answers to this contention: (1) The bill does not show that complainant entered as the agent or servant of Gibbons, nor with respect to any purpose within the lawful rights of Gibbons in the premises, and hence does not bring complainant within the protection of that authority.— *Yarbrough v. Stewart,* 191 Ala. 454, 67 South. 989. (2) The bill does not show that the trespass suit was only for an unlawful entry upon the land. Non constat, but it may have been for injuries to the grass, shrubbery, or small trees not embraced in the original grant of merchantable timber.

The demurrers to the bill of complaint were properly sustained, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.