RODGERS v. LUMBER MINERAL CO.   .

[76 South. 145, Division A.]

LOGS AND LOGGING.   *Trespass in logging.   Right to damages.*

> Where under a warranty deed to standing timber the only rights conveyed were those of ingress and egress to cut down and remove timber, the purchaser had no right to enter the land to box the trees for turpentine production or to set out fire thereon; but the right of the purchaser was limited to the privilege of going upon the land for the purpose only of cutting down and removing the timber thereon.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Suit by C. R. Rodgers against the Lumber Mineral Company. From the judgment rendered, both sides appeal.

The facts are fully stated in the opinion of the court.

*Mounger & Bishop* and *R. H. & J. H. Thompson,* for appellant.

*D. A. McIntosh* and *T. J. Wills,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This direct and cross appeal comes from the circuit court of Covington county, where the appellant, C. R. Rogers, sued the appellee, Lumber Mineral Company, for actual damages and the statutory penalty, under section 4988 of the Code of 1906, for going upon the land of appellant and setting out fire, burning up the leaves, grass, straw, and small trees thereon.

The appellee, Lumber Mineral Company, was engaged in the manufacture of yellow pine timber, turpentine, and rosin, etc., and had purchased the pine timber standing on the land belonging to the appellant, and proceeded to box the pine trees for turpentine purposes, and in order to do so entered upon the land and intentionally set out fire, causing the damages complained of in this suit. The appellee company purchased the standing pine timber by warranty deed. This deed also contained the following clause:

"Sec. 2. Together with the right at any and all times from the date hereof until March 16, 1924, of ingress and egress upon said land or any other land we may own, to cut down and remove said timber therefrom."

Under this deed to the timber the appellee company claimed the right to go upon the land and box the timber for turpentine purposes and to set out the fire destroying the leaves, straw, and small trees so as to protect its boxing operations. The appellant, Rogers, objected to the appellee company going upon his land for the purpose of boxing the pine trees, and notified appellee company to not set out any fire upon the land, appellant, claiming that under the terms of the deed to the timber

the appellee had no right to box the trees for turpentine purposes or to set out fire on his land, but that the only right the appellee company had was to go upon the land for the purpose of cutting down and removing the timber therefrom.

A jury being waived, the circuit judge, after hearing the testimony, gave judgment for the plaintiff, Rogers, for the sum of fifty-one dollars as actual damages, but held that the statutory penalty under section 4988 of the Code of 1906 assessing a penalty of one hundred and fifty dollars in favor of the owner of the land for setting out fire could not be recovered in this case, and from the judgment both parties appeal here.

There is really but one question in the case for us to decide, and that is whether under the terms of the warranty deed to the standing pine timber the appellee company had the right to go upon and use the appellant's land for the purpose of boxing the pine timber for turpentine and rosin.

It is contended by the appellant that the terms of the deed limit the right of the appellee company to go upon the land for the purpose only of cutting and removing the timber, and that the deed does not expressly or by implication of law embrace the right to use the land for the purpose of boxing the trees for turpentine, and that when the appellee company went upon the land and set out fire causing injury and damages, the appellee became liable for the actual damages and the statutory penalty.

The appellee company, who is also cross-appellant, contends that the appellant cannot recover in this case for either actual damages or the statutory penalty, because the deed to the timber is a warranty deed under our statute (section 2816, Code of 1906), and that it conveys the right, by statutory enlargement, to go upon the land and box the trees for turpentine purposes or do

any other thing in connection with the ownership of the timber that the original owner could have done, that the form of deed prescribed by the statute is a warranty, and enlarges the rights of the appellee company, and that its rights are not limited by section 2 of the deed, which provides that the appellee company may go upon the lands for the purpose of cutting down and removing the timber therefrom. In other words, the appellee company claims that this form of warranty deed under our law gives the right to go upon the land and box the timber for turpentine purposes, or any other purposes, and that it embraces the right of turpentining the trees and burning the grass, as was done by the appellee company in this case.

The position taken in this case by the appellee company is unsound, and is not the law. The warranty deed to the timber is nothing more than a warranty of the complete ownership and possession of the pine timber as against all persons, but the deed does not embrace the right, claimed by the appellee company, to go upon the land for the purpose of boxing and turpentining the trees. This is a use and occupancy of the land not granted by the deed. The deed limits the right that the appellee company has in the use of the land by the express provision that the ingress and egress upon said land was granted for the purpose of allowing it to cut down and remove the timber therefrom. The right to go upon land for the purpose of cutting and removing the timber therefrom is a different and separate right from that of going upon the land for the purpose of boxing and turpentining the trees thereon; and the ownership and right of possession of the trees do not embrace the right of use and occupancy of the land for turpentine purposes. One is a different right of use from the other, and, unless the instrument expressly or impliedly gives both rights, then only such as is given by the deed

may be exercised. *Yarbrough* v. *Stewart et al.* (Ala.), 71 So. 986; *Dixie Grain Co.* v. *Quinn*, 181 Ala. 208, 61 So. 886; *Christopher* v. *Curtis-Attalla Lumber Co.*, 175 Ala. 484, 57 So. 837; 18 Amer. & Eng. Encl. of L. 1134.

We hold, therefore, that the terms of the deed conveying the timber here granted no right to appellee company to go upon the lands of the appellant for the purpose of boxing and turpentining the trees and set out fire thereon. But the right of the appellee company was limited to the privilege of going upon the land for the purpose only of cutting down and removing the pine timber standing thereon. The terms of the deed expressly define and limit the rights of the appellee company, which must govern and settle the dispute between the parties to this controversy.

The judgment of the lower court on direct appeal is reversed and judgment entered here for the appellant for the statutory penalty of one hundred and fifty dollars, and the judgment of the lower court on the cross-appeal is affirmed.

*Reversed and affirmed.*