(93 South. 658)
**ALLEN et al. v. CLAYTON et al.**
**(7 Div. 316.)**

(Supreme Court of Alabama. June 22, 1922.)

**1. Mortgages �köö183—Silence of mortgagee under recorded mortgage held not to estop him from claiming lien superior to that of one cutting and hauling lumber.**

Where a mortgage was duly recorded so as to constitute notice of its contents under Code 1907, §§ 3369, 3373, the silence of one of the mortgagees when he knew that intervener was cutting and hauling timber, with no features of willfulness or fraud, *held* not to estop him from claiming a lien on the timber prior to that of the intervener, and, in any case, not to affect the interest of the other mortgagees.

**2. Mortgages ⊜ōö151(3)—Recorded mortgage superior to lien for cutting, hauling, and manufacturing timber into lumber.**

Under Acts 1915, p. 374, §§ 1, 2, a mortgage recorded before the work of cutting and hauling timber commenced was a lien superior and prior to that of one employed to cut, haul, and manufacture the timber into lumber.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by B. J. Allen, Jr., as executor of B. J. Allen, deceased, and others against O. W. Clayton and others, for foreclosure of mortgage and injunction, with intervention by W. M. Price. From a decree in favor of intervener, complainants appeal. Reversed and remanded.

See, also, 207 Ala. 667, 93 South. 543.

H. T. Bailey, of Valley Head, and Hood & Murphree, of Gadsden, for appellants.

Appellees' lien was superior to subsequent mortgages or incumbrances only. Acts 1915, p. 374. Mere silence, to raise an estoppel against the assertion of title, must have features of willfulness or fraud. 201 Ala. 560, 78 South. 956.

Baker & Baker, of Ft. Payne, for appellee.

Mortgagors in possession have the right to cut timber; and mortgagee, before interfering, must show that his security will be impaired by threatened waste. 88 Ala. 517, 7 South. 146, 16 Am. St. Rep. 58; 54 Ala. 180. The facts in this case are such as to create an equitable estoppel; and fraud is not essential, when estoppel arises out of negligent silence. 204 Ala. 411, 85 South. 735.

MILLER, J. This bill of complaint is filed by B. J. Allen, Jr., as executor of the estate of B. J. Allen, deceased, and by the heirs of B. J. Allen, against O. W. Clayton and the heirs of George W. Black, deceased, to foreclose a mortgage given by O. W. Clayton and George W. Black on certain land in De Kalb county, described in the bill, and for injunction restraining them from cutting timber on the land, and from selling lumber and cross-ties manufactured from timber already cut from the land. The court granted the temporary injunction, but permitted respondents to sell the cross-ties and lumber manufactured from timber off this land, then in their possession, and to deposit the proceeds into the court to be held subject to the orders of the court.

M. M. Price filed petition in the cause asking for reference to ascertain the amount of the debt due him by the respondents under contract for cutting and hauling the timber manufactured into lumber, the proceeds of the sale of which was in the court, and to declare his lien thereon to the amount of his debt, and that it be paid out of that fund. The court ordered a reference to establish his claim, if any, the amount of it, and whether it was prior to the claims of complainants and respondent on the fund from the sale of the lumber, now in the cause. The register reported the amount of the claim of. M. M. Price due by respondents for cutting and hauling timber was $1,555; that it is not a prior lien on the funds arising from the sale of the timber and lumber to that of complainants; that complainants have a prior lien on the funds to the extent of the value of the timber before it was cut from the lands. The petitioner, Price, duly excepted to the report of the register. The court confirmed the report of the register as to the amount due M. M. Price, but held petitioner's claim was prior to the claim of complainants, and decreed that the $1,555 due him "should be paid out of the funds in the hands of the register arising from the sale of lumber prior to the claim of complainants," and that the register pay Price $1,555 from that fund. From this decree of the court, complainants appealed, and it is assigned as error.

[1] This mortgage was duly executed and acknowledged by O. W. Clayton and George W. Black to complainants on the estate of B. J. Allen, deceased, on August 26, 1919; it secured $27,692.30, the purchase money for the land described in it; and it was duly filed for record, and recorded in the probate office of De Kalb county, in which the land is situated, on October 31, 1919. This operated from the time it was filed for record as a notice of the contents of the mortgage. Sections 3369, 3373, Code 1907. It was introduced in evidence. Some of the notes secured by it mature in 1923 and 1924. The petitioner, Price, under his contract with the defendants, commenced cutting and hauling the timber from this land "about the 1st of March, 1921," and "completed the work on the 8th of September, 1921; this was the time I was stopped by the injunction." When he commenced cutting this timber, the mortgage of complainants was on record, and he had thereby at least constructive notice of their lien on the timber through the mortgage for the debt it secured. The petitioner, Price, testified:

"I had heard that this land upon which I was cutting this timber was mortgaged; I do not know when I first heard about this land being mortgaged, whether it was before I began cutting this timber or afterward."

He also testified:

"I know Mr. B. J. Allen, the complainant in this cause; he knew that I was cutting and hauling this timber at the time I was working there. I talked with him at the time I was cutting the timber."

Allen is only one of the three complainants. The defendant had legal notice, if not actual notice, of the mortgage lien when talking with Allen. There is nothing to indicate willfulness or fraud in Allen's silence on the subject of their mortgage. His acts or silence would have no effect on the interest of the other two complainants. His mere silence as to the mortgage, with no features of willfulness and fraud, with the mortgage being on record, would not operate to estop him from claiming a lien on the timber under the recorded mortgage prior to the lien of petitioner Price. Steele v. Adams, 21 Ala. 534; Boone v. Gulf F. & A. Ry. Co., 201 Ala. 560, 78 South. 956.

[2] The petitioner Price, under the statute (Gen. Acts 1915, p. 374), as employé of the defendants, who were engaged in cutting, hauling, and manufacturing timber into lumber, has a lien for all debts due him under his employment contract on any timber or lum-

ber manufactured from timber which was cut and hauled by him. This lien has priority over all other liens or mortgages or incumbrances created subsequent to the beginning of the work or labor done in cutting or hauling the timber. Sections 1 and 2, Act approved September 10, 1915 (Gen. Acts 1915, p. 374).

This work of cutting and hauling timber by the petitioner commenced on or "about March 1, 1921"; the mortgage of complainants was filed and recorded on October 31, 1919. This was prior to the cutting and hauling of the timber, and the lien of complainants on the timber under their mortgage was therefore superior and prior to the lien of petitioner under his contract with defendants for cutting and hauling the timber. Section 2, Gen. Acts 1915, p. 374.

The court erred when it held that the lien of petitioner Price on the lumber for $1,555 for cutting and hauling the timber was a prior lien to the mortgage lien of complainants, the mortgage being executed and recorded before the timber was cut and hauled. This mortgage was given for the purchase price of the land, which included the timber on it. The court also erred when it directed that the sum of $1,555 be paid first out of the funds in hand arising from the sale of the lumber manufactured from that timber. Gen. Acts 1915, p. 374, approved September 10, 1915.

For the errors mentioned, the decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.