(134 So. 35)

**MILLS LUMBER CO. v. HEARD et al.**

5 Div. 830.

Court of Appeals of Alabama.
April 21, 1931.

Jas. W. Strother, of Dadeville, for appellant.

Albert Hooton, of Dadeville, for appellees.

RICE, J.

This was a suit by appellees, aided by attachment on certain lumber, against appellant, seeking the recovery of wages, alleged to have been earned by them, etc., in manufacturing, etc., the said lumber. Code 1923, §§ 8901, 8904.

█ The case was tried below before the court sitting without a jury. For the purposes of our review, his findings, of course, have the force and effect of a jury's verdict.

But the judgment cannot stand. The undisputed testimony is that each of the appellees was employed by, worked for, and is due his wages from, one Stewart, who, as an independent contractor, cut, from timber owned by appellant, on his own mill, and with his own labor, for the appellant, the lumber sought to be subjected to a lien in favor of appellees in this proceeding, and that Stewart had been fully paid off and discharged by the appellant. Or that, rather, after getting "fully paid off" by appellant, he "ran away."

█ The fact, if it be a fact, that, after the work was done, "about the third week after this week we were to get our pay," according to one of the appellees (get pay, we interpolate, for work he had already done for Stewart), appellant, through its secretary and treasurer, told this appellee "he (it) would see that he (said appellee) got his money," could not—in the absence of a consideration, etc.—and did not, make appellant liable even to him (said appellee).

What this appellee testified, in this regard, is very different from what was shown by the testimony in the case Borden et al. v. King Mill & Lumber Co., 214 Ala. 308, 107 So. 455, and the holding in the opinion in that case does not, as we understand it, preclude the holding we have just announced.

The other appellees do not testify to anything tending to show that anybody, other than Stewart, ever expressed an intention of paying them for their work.

█ The timber from which the lumber in question was made belonging to appellant, Stewart, as an independent contractor, manufacturing said lumber, appellees being employees of Stewart, to whom appellant had paid the full amount due him, this suit by appellees against appellant must fail. Allen et al. v. Clayton et al., 208 Ala. 29, 93 So. 658; Mathers v. Barrow, 202 Ala. 342, 80 So. 424. As, without a binding promise to pay them, it would fail, even if Stewart had not been fully paid, only, if there was a balance due Stewart by appellant, appellees could, in the appropriate way, have reached it.

Unnecessary to mention, but obvious, as bearing on the fatal invalidity of the judg-

ment appealed from, is the fact that the undisputed testimony in this case is to the effect that the lumber "attached" by the sheriff, etc., was not the lumber manufactured by Stewart at all.

The judgment is reversed, and the cause remanded.

Reversed and remanded.