(139 So. 102)

# LINDSEY LUMBER & EXPORT CO. v. FAILE.

### I Div. 7.

Court of Appeals of Alabama.
Oct. 6, 1931.

Rehearing Denied Oct. 27, 1931.

Adams & Gillmore, of Grove Hill, for appellant.

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellee.

**BRICKEN, P. J.**

In the court below, this case was tried and determined by the court, without a jury, upon an agreed statement of facts as shown by the record, which is as follows:

"Plaintiff, G. M. Faile, cut certain logs for F. W. Moore, who was either working for or contracting with Lindsey Lumber & Export Company for the cutting of said logs. Faile was paid for all logs which he cut while so working under F. W. Moore.

"Thereafter, Lindsey Lumber & Export Company made a contract with Oscar Mills by which Oscar Mills, as a contractor and not as an employee of Lindsey Lumber & Export Company contracted to cut and haul for Lindsey Lumber & Export Company certain timber which said Company already owned. The said Oscar Mills employed G. M. Faile to cut a part of said timber, and agreed to pay him at the rate of One Dollar per thousand feet log scale for all timber cut by him. Thereupon, during or about January and February of 1930 G. M. Faile cut One Hundred Sixty-two Thousand Six Hundred feet of such timber; Lindsey Lumber & Export Company paid the said Oscar Mills all that it owed him under the contract under which Mills was cutting said timber. Mills and said Company failed to pay G. M. Faile the One Hundred Sixty-two Dollars and Sixty cents for the cutting of said timber. Faile sued out this attachment and had it levied on the logs cut by him. Lindsey Lumber & Export Company replevied the logs and shipped them. Faile has never been paid for the cutting of said timber or logs.

"The agreement between Faile and Mills was that Faile was to be paid for his cutting at the time the timber was hauled and scaled. Prior to the time that Mills was discharged or severed his connection with said Company, he had hauled 90 thousand feet of the timber cut by Faile as above set forth; thereafter, Lindsey Lumber and Export Company arranged with Monroe James and R. H. Bumpers to haul the remainder of said timber and they did haul it and scale it, but Faile was never paid for the timber which they hauled. All of the timber complained of was cut by Faile under the Mills operation."

The foregoing agreed statement of facts constituted all the evidence introduced on the trial in the court below.

The court rendered judgment for plaintiff, declaring a lien in his favor on the logs in question for $162.60 due him, and the logs were ordered sold for the satisfaction of his lien.

Exception was duly reserved to this action of the court, and the errors assigned present the points of decision involved.

Counsel for appellant, in brief and argument, state: "We have not been able to find any decisions which are exactly in point on the propositions here presented."

Counsel for appellee, in brief and argument, assert: "If there is any law in support of any of the propositions in appellant's brief we have been unable to find it."

Notwithstanding this, there is a decision of this court, in the case of Mills Lumber Co. v. Heard et al., 134 So. 35,[1] which is conclusive of the points of decision involved upon this appeal. The case at bar is identical, and, as the phrase goes, "on all fours," with the Mills Lumber Co. Case, supra. The facts are identical in each case. The decision here must be rested on that case. This necessitates a reversal of the judgment from which this appeal was taken, on authority of Mills Lumber Co. v. Heard, ante, p. 270, 134 So. 35.

Reversed and remanded.

---

[1] Ante, p. 270.