187 So. 627

### BRACEY et al. v. ADAMS et al.

### 8 Div. 966.

Supreme Court of Alabama.

March 23, 1939.

Scruggs & Creel, of Guntersville, for appellants.

Joe Starnes, of Guntersville, for appellees.

GARDNER, Justice.

Plaintiffs sued defendants for damages for wrongfully removing and converting to their own use certain pine timber on which plaintiffs had a lien for their wages in cutting. Section 8901, Code of 1923.

It appears from the agreed statement of facts that the timber was owned by defendants who employed one McKelvey to cut and manufacture the same into lumber. McKelvey had his own mill and equipment and furnished the labor therefor, and was paid by defendants all that was due him. Plaintiffs were employed by McKelvey, and defendants had no part in their employment.

Under these circumstances the holding has been that the statute giving a lien for wages does not apply, and that a lien cannot be fastened upon the timber or lumber of the owner who had no part in the

employment. Mills Lumber Co. v. Heard, 24 Ala.App. 270, 271, 134 So. 35, followed in Lindsey Lumber & Export Co. v. Faile, 24 Ala.App. 520, 139 So. 102, certiorari denied 224 Ala. 261, 139 So. 104. Such in effect also was the holding of this Court in Borden v. King Mill & Lumber Co., 214 Ala. 308, 107 So. 455. See, also, Allen v. Clayton, 208 Ala. 29, 93 So. 658.

Under these authorities and the facts, as agreed upon, we conclude plaintiffs were not entitled to recover.

The judgment must be reversed and one here rendered for defendants.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.