41 So.2d 183

**ADAMS v. JEFFCOAT et al.**

**4 Div. 522.**

Supreme Court of Alabama.

May 19, 1949.

Rehearing Denied June 30, 1949.

J. Hubert Farmer, of Dothan, for appellees.

LIVINGSTON, Justice.

Charles F. Jeffcoat, a resident citizen of Houston County, Alabama, departed this life September 30, 1943, leaving a last will and testament in words and figures as follows:

"That I, C. F. Jeffcoat of Gordon, Houston County, Alabama, do hereby make and declare this to be my last will and testament, revoking any and all wills heretofore made by me at any time.

"1. I give and bequeath to my wife, Roxie B. Jeffcoat, all of my property, real, personal or mixed, of which I die seized and possessed or to which I may be entitled at my death, subject however, to the following limitations:

"My said wife, Roxie B. Jeffcoat, shall have only a life estate in and to all real estate left by me. It is my desire that she shall use said property during her life time for the benefit and good of herself and my two blind children, viz.: Lillian Jeffcoat and Paul Jeffcoat. It is further my desire that if in the judgment and opinion of my said wife it shall become necessary to use any standing timber on said lands for the support and welfare of herself and the two said blind children, than she may sell any such standing timber or any part thereof as may be necessary for said purpose; likewise, she shall have the right and privilege of using said timber for the proper repair and upkeep of the permanent improvements of said land.

"2. At the death of my wife, it is my desire that said property bequeathed as aforesaid shall be divided equally among such of my four children as may be living at the time of said wife's decease, except that I wish to give ten dollars ($10.00) each to the children of any child of mine who is dead at the decease of my said wife. The said four children just referred to are Clio Jeffcoat, Lillian Jeffcoat, Alton Jeffcoat and Paul Jeffcoat.

"I nominate and appoint my said wife, Roxie B. Jeffcoat, to be the sole executrix of my estate and I hereby direct that she be exempted from giving an official bond."

The will was duly probated and letters testamentary issued to the widow, Roxie B. Jeffcoat.

At the time of his death, decedent owned and was in possession of approximately five hundred acres of land in Houston County, Alabama, some seventy-five to ninety acres being in cultivation and the balance in standing timber.

On February 2, 1945, the widow, Roxie B. Jeffcoat, for and in consideration of the sum of $1,143.67, granted, bargained, demised, sold and leased to complainant, his heirs and assigns, all and singular, the timber suitable for turpentine purposes on two hundred and forty acres of said land with free use and enjoyment of the timber for turpentine purposes for and during the term of six years from that date. Complainant took possession of said land and timber and worked the same for turpentine purposes until the death of Roxie B. Jeffcoat, which occurred about December 1947. Since the death of Roxie B. Jeffcoat, appellees, the four children of C. F. and Roxie B. Jeffcoat, have undertaken to terminate the lease to appellant, denying his right, title or interest in the timber growing on the two hundred and forty acres of land, and forbidding appellant to further work said timber for turpentine purposes.

Under and by virtue of sections 156, et seq., Title 7, Code of 1940, appellant filed a bill of complaint in the Circuit Court, in equity, of Houston County seeking a declaration of the rights under the lease contract executed by Roxie B. Jeffcoat during her lifetime, and which contract had some three years to run at the time of her death.

The trial court simply denied the relief prayed for and dismissed the bill of complaint. Although we think complainant was entitled to a more specific declaration of rights under the pleading and proof, we take it that the denial of relief and dismissal of the bill is, in effect, a holding that the will of C. F. Jeffcoat did not give to his widow the power or authority to lease the standing timber for turpentine purposes. The parties so treat the decree on appeal, and we will so consider it.

As stated by appellant, "the pleadings present only one issue on this appeal, viz., Did Roxie Jeffcoat, as trustee, have the power and authority under the terms and provisions of the identified will to sell and deliver to the appellant the right and privilege of using a part of the timber upon the premises of the deceased for turpentine purposes for a period ending February 2, 1951?"

Appellant earnestly insists that the specific power and authority to sell the timber standing on the lands of deceased, conferred on the widow by the will, includes or carries with it under the facts and circumstances of this particular case, the power and authority to lease the tim-

ber for turpentine purposes. That such was the intention of the testator.

As was said in George v. Widemire, 242 Ala. 579, 7 So.2d 269, 273:

"The cardinal rule in the construction of a will is to ascertain the intention of the testator and give it effect if not in contravention of some rule or principle of law. Edwards et al. v. Bibb et al., 43 Ala. 666; Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Fowlkes v. Clay, 205 Ala. 523–525, 88 So. 651; Reid v. Armistead, 228 Ala. 75, 151 So. 874; Watters v. First Nat. Bank, 233 Ala. 227, 171 So. 280; Wright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72; First National Bank of Tuskaloosa v. Hill, 241 Ala. 606, 4 So.2d 170.

"In endeavoring to construe a will according to the testator's intention, the court will put itself as far as possible in the testator's position by taking into consideration the circumstances surrounding him at the time of the execution of the will and look to his mode of thought and living, his relations to or associations with the objects of his bounty and their age, condition, dependence and the like, for it is presumed that the testator had in view the interests of the legatees who are the objects of his bounty. Fowlkes v. Clay, supra; First Nat. Bank v. Sheehan, 220 Ala. 524, 126 So. 409; Spencer v. Title Guarantee Loan & Trust Co., 222 Ala. 485, 132 So. 730; Hammond v. Bibb et al., 234 Ala. 192, 174 So. 634; Montgomery v. Montgomery, 236 Ala. 161, 162, 181 So. 92; 69 Corpus Juris 63."

Our cases clearly hold that the power to sell standing timber, together with the right to go upon the land and cut and remove it, is a different and separate right from that of going upon the land for the purpose of boxing and turpentining the trees thereon and that unless the instrument conveying standing timber expressly or impliedly gives both rights, then only such as is given by the deed may be exercised. Yarbrough v. Stewart, et al., 196 Ala. 160, 71 So. 986; Yarbrough v. Stewart, et al., 191 Ala. 454, 67 So. 989; Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 So. 886. See, also, Rogers v. Lumber Mineral Co., 115 Miss. 339, 76 So. 145. To support his insistence, appellant introduced evidence tending to show testator's financial condition, the circumstances surrounding him at the time of the execution of the will, his mode of thought and living, his relations to and association with the objects of his bounty and their age, condition, dependence, and the like; also his thorough knowledge of the timber and turpentine business, his former handling of his standing timber, his sale of some of it, such as the selling of crossties, cordwood and turpentine leases.

In our opinion no good purpose would be subserved in a further analysis of the evidence. We have carefully considered all of it, and are to the conclusion that if testator had intended to include in his will the power in his widow to lease the standing timber for turpentine purposes his knowledge and experience would have dictated the use of different language from that used in the will.

The decree of the trial court is due to be, and is, affirmed.

Affirmed.

BROWN, SIMPSON and STAKELY, JJ., concur.