# Thornton *v.* Williams.

## *Trover.*

1. *Statute of frauds; when parol agreement not within.*—W. & B. made a written contract for the cultivation of a piece of land, by which W. was to furnish the land and team, and B. the labor, the crop to be divided between them. Afterwards B. became indebted to T. for advances, for which he executed his note in the form prescribed by the statute (Code, 1876, § 3286). Before the crop was gathered, it was abandoned by B., and gathered by T. and stored in a house on W.'s premises, from which it was afterwards removed and used by T. *Held,* in trover by W. against T. for a conversion of the crops,

(*a*) That a parol agreement made between W. and T. after B. had abandoned the crop, that T. should have the crop gathered, and after paying his own claim, should pay over the balance of the proceeds of the crop to W. was not void under the statute of frauds as a promise by W. to answer for the debt of B.

(*b*) That even if the agreement could be construed to be such a promise, there was a new and valuable consideration therefor, which withdrew it from the influence of the statute of frauds.

APPEAL from Barbour Circuit Court.
Tried before Hon. H. D. CLAYTON.
The facts are sufficiently stated in the opinion.

G. L. COMER, for appellant.

PUGH & MERRILL, *contra.*

(No briefs came to the hands of the reporter.)

STONE, J.—This is an action of trover for the conversion by the appellant, Thornton, of seed cotton, alleged to be the property of the appellee, Williams. The facts may be briefly stated as follows: In March, 1881, the appellee, Williams, and one Bird entered into a written contract for the cultivation of a piece of land. The appellee was to furnish the land and team, and Bird the labor; the crop to be divided in unequal shares between them. Subsequently Bird became indebted to appellant, Thornton, for advances, for which he executed his note in the form prescribed by the statute.—Code, 3286. Before the crop was gathered, it was abandoned by Bird; and it was gathered by the appellant and stored in a house upon appellee's premises and near his dwelling. It was afterwards removed

by the appellant from said house and used by him; and this suit is brought by the appellee for its conversion.

Upon the trial the appellant offered to prove that, after the abandonment of the crop by Bird, appellee entered into an oral agreement with appellant, that appellant should have the crop gathered, and, after paying his own claim, should pay over the remainder to appellee; and he also offered to prove that, in pursuance of the agreement, he did have the crop gathered, and that it was insufficient to pay his claim, and the cotton now sued for is that gathered by him in pursuance of this agreement. The court, upon the objection of the appellee, refused to allow the evidence to be introduced, upon the ground that this agreement was a promise to answer for the debt of another, and, not being in writing, was void under the statute of frauds. The sole question raised by the record is, whether this agreement is a "promise to answer for the debt, default, or miscarriage of another," within the meaning of §2121, of the Code of 1876.

We are of opinion the Circuit Court erred in excluding the evidence. The agreement imposed no liability whatever upon the appellee to answer for the debt of Bird to the appellant. Its effect was simply to allow the lien of the appellant for advances to take precedence of that of the appellee, for the purpose, and upon the condition that he should have it gathered and prevent its destruction and loss to both. But, even if the agreement offered in evidence could be construed to be a promise by the appellee to pay the debt of Bird to the appellant, there was a new and valuable consideration for the promise, which would take it from under the influence of the statute of frauds. "The promise of one person to pay the debt of another, made upon a new and valuable consideration, beneficial to the promisor, is not within the statute of frauds."—*Mason v. Hall*, 30 Ala. 599; *Locke v. Humphries*, 60 Ala. 117; *Dunbar v. Smith*, 66 Ala. 490.

For this error the judgment of the Circuit Court must be reversed, and the cause remanded.