(94 South. 284)

**MITCHELL v. HICKMAN.   (6 Div. 613.)**

(Supreme Court of Alabama.   Oct. 26, 1922.)

**1. Pleading ⬉18—Complaint in action for balance of price held to sufficiently describe land sold by reference to public records.**

In an action to recover the balance of purchase money for the sale of land, it was not necessary that the complaint describe the land, where it made reference to the public records where the description of the land as set out in the deed and mortgage might be found.

**2. Mortgages ⬉292(1)—Mortgagee could sue purchaser assuming mortgage, though not privy thereto.**

Where plaintiff sold certain lands to a trustee who executed a note to plaintiff and a mortgage thereon to secure the purchase money, and subsequently conveyed the lands to defendant for a cash consideration and assumption of the mortgage indebtedness, plaintiff might sue defendant for the balance of the purchase price, though he was not privy to the consideration.

**3. Frauds, statute of ⬉18(3)—Assumption of mortgage debt by grantee held to present a case without the statute.**

There is a present moving consideration of value in the case of a promise by a grantee to his grantor to pay the balance of purchase money due from the latter and secured by his note and a mortgage on the land conveyed, and the case is without the statute.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

---

Action by W. P. Hickman against D. E. Mitchell to recover balance of purchase money for sale of land. From a judgment for plaintiff defendant appeals. Affirmed.

Joel F. Webb and James A. Mitchell, both of Birmingham, for appellant.

The purchaser of mortgaged premises does not become personally liable for the debts secured, unless there is a special contract to pay such incumberance. 2 Devlin, R. E. § 1047; 124 Mass. 254, 26 Am. Rep. 659.

Weatherly, Birch & Hickman, of Birmingham, for appellee.

The undertaking of one person to pay the debt due from another, based on a valuable consideration, inures to the benefit of the original payee, and suit may be brought by the latter. 14 Ala. 263; 30 Ala. 599; 74 Ala. 370; 77 Ala. 217; 101 Ala. 333, 13 South. 385; 196 Ala. 196, 72 South. 36. No objection can be allowed for defect of form in a pleading, if facts are so presented that a material issue can be taken by the adverse party thereon. Code 1907, § 5321; 129 Ala. 540, 29 South. 961; 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106; 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; 31 Cyc. 101.

GARDNER, J. The only questions presented upon this appeal relate to the sufficiency of counts 4 and 5 as against the assignments of demurrer interposed thereto. Count 5 is one of the common counts as upon an account, and is substantially in Code form. Two assignments of demurrer are directed to this count; the first, that it does not show the nature of the demand sued on. It requires no discussion to disclose the lack of merit in this assignment. Evidently something is omitted from the second assignment, as in its present form it is unintelligible. It is too clear for discussion, therefore, that this assignment of error is without merit.

[1] Count 4 discloses, in substance, that on the date therein named the plaintiff sold certain lands situated in Jefferson county to one Cox, trustee, and that said Cox, to secure the balance of the purchase money on the land, executed a note payable to the plaintiff, and also a mortgage on the land, and it is averred that the description of the land is set out in the deed and the mortgage therein referred to, which are recorded, with the volumes and pages given. The count then alleges that said Cox conveyed by deed said lands to the defendant in this cause for a consideration of $100 and the assumption and promise to pay by the defendant the said note and mortgage indebtedness due plaintiff by said Cox on the balance of the purchase money for said land, which said money is past due and unpaid. It is first insisted that count should have described the land.

The pleader has taken particular pains to give reference to the record in the probate office where the deeds and mortgage were recorded for a more particular description of the land, and, as this is a suit merely for the recovery of the balance of the purchase money, we think it requires no discussion to disclose that the count is sufficient as against this objection.

[2, 3] Under the averments of this count the promise of the defendant to his grantor to pay the balance of the purchase money inured to the benefit of the plaintiff at his election, and he may bring an action thereon, although he was not privy to the consideration, and, there being a present moving consideration of value, the case is without the influence of the statute of frauds. Coleman & Carroll v. Hatcher. 77 Ala. 217; North Alabama Dev. Co. v. Short, 101 Ala. 333, 13 South. 385. We think the complaint sufficiently alleges the promise on the part of this defendant to pay the balance of the purchase money, and sufficiently discloses the plaintiff's right to recover thereon, whether the promise was in writing or merely oral.

There being no error in the record, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.