BORDEN et al. v. KING MILL & LUMBER CO. et al.    (8 Div. 812.)

(Supreme Court of Alabama.    Jan. 21, 1926. Rehearing Denied March 25, 1926.)

1. Frauds, statute of ⬤══33(1)—Promise to pay wages on consideration of employees returning to work for another is not within statute of frauds, where work would benefit promisor.

Where employees quit work for failure of employer to pay wages, promise of another to pay debts due employees if they would return to work *held* supported by new and valuable consideration and not within statute of frauds, where work would benefit promisor.

2. Frauds, statute of ⬤══159—Evidence of liability of one promising to pay wages if employees of another would return to work held for jury.

In action by employees of sawmill, under Code 1923, §§ 8901, 8904, whether owner of timber being sawed in mill promised employees to pay wages due from owner of mill if they would return to work *held* for jury.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action by Cleetus Borden and others against the King Mill & Lumber Company and another.    From the judgment, plaintiffs appeal.    Reversed and remanded.

Stell & Quillin, of Russellville, for appellants.

If there is an adverse inference or a scintilla of evidence in favor of appellants in this case, the general affirmative charge should not have been given.    Orman v. Scharnagel, 98 So. 123, 210 Ala. 381.    The promise of one person to pay the debt of another, made upon a new and valuable consideration, beneficial to the promisor, is not within the statute of frauds.    Thornton v. Williams, 71 Ala. 555; Mason v. Hall, 30 Ala. 599; Westmoreland v. Porter, 75 Ala. 452; Aultman & Co. v. Fletcher, 18 So. 215, 110 Ala. 459.    The suit was properly brought by all the parties in one action.    Code 1923, § 8904.

Williams & Chenault, of Russellville, for appellees.

No lien can be created against one's property without his agreement or contract.    Randolph v. Builders', etc., Co., 17 So. 721, 106 Ala. 501; Selma Co. v. Stoddard, 22 So. 555, 116 Ala. 251; Wright v. Terry, 2 So. 6, 23 Fla. 160.    Promise to pay the debt of another without consideration is void.    Dunbar v. Smith, 66 Ala. 490; Aultman & Co. v. Fletcher, 18 So. 215, 110 Ala. 452.

MILLER, J.    This is a suit by Cleetus Borden, Eddie Borden, and Grady Borden, minors, by their next friend, Austin Borden, and Oscar Borden, Eddie Brown, Dennis Brown, Albert Twitty, and Austin Borden against the King Mill & Lumber Company, a partnership, and one R. B. Twitty.

The plaintiffs commenced this suit by attachment under sections 8901 and 8904 of the Code of 1923, claiming a lien on certain lumber therein mentioned for their respective wages as laborers or employees at a sawmill and planing mill which was engaged in manufacturing timber into this lumber for the defendants.    The jury returned a verdict in favor of the defendants King Mill & Lumber Company and the members of the partnership, and they returned a verdict in favor of each plaintiff for a different amount against the defendant R. B. Twitty.    The court rendered judgment according to the verdict of the jury, and this appeal is by the plaintiffs from that judgment, and the errors are separately assigned by the plaintiffs.

There are eight counts in the complaint, and there are eight plaintiffs.    Each plaintiff, in a separate count, claims for his wages, for work and labor done in manufacturing this pine lumber, describing it, which was attached, claiming a lien on it, and avers the labor was done by him with the consent and at the request of the defendants. "The defendants plead the general issue in short by consent."

The court gave in writing to the jury the general affirmative charge, with hypothesis in favor of the King Mill & Lumber Company, and each member of the partnership.    Did the court err in giving this charge in favor of these defendants?    This is one of if not the real error insisted on by appellants.    The evidence tended to show the defendant R. B. Twitty was running a sawmill and planer, manufacturing pine timber into lumber.    The defendants King Mill & Lumber Company owned the timber; they had a written contract with Twitty under which they furnished the timber; Twitty was to cut, haul and manufacture the timber into lumber, and the King Mill & Lumber Company were to pay him $10 per thou-

─────────────────────────────

sand feet, log measure, for the lumber so manufactured. Twitty employed each plaintiff to assist him in the work of manufacturing this timber into lumber, and was to pay them certain wages therefor. They did different work, but the work of each was a necessary part of the work in manufacturing this timber into lumber. Twitty did not pay the plaintiffs for the services they had rendered as he agreed to do. They quit work. The evidence for the plaintiffs tended to show that King, a member of the firm of King Mill & Lumber Company, told each of them that if they would return to work at the mill for Twitty that the King Mill & Lumber Company would pay the amount due each by Twitty, and would also pay their wages for future work performed by them in manufacturing this timber into lumber. The plaintiffs then returned each to his work until the mill stopped. The evidence of King, the defendant, was to the contrary—that he made no such statement or promise to the plaintiffs. There was evidence as to the amount due each plaintiff, and that it was unpaid.

This principle was approved in Thornton v. Williams, 71 Ala. 555, by this court:

"The promise of one person to pay the debt of another, made upon a new and valuable consideration, beneficial to the promisor, is not within the statute of frauds."

[1] The promise of the King Mill & Lumber Company to pay the debts due each plaintiff by Twitty only was based on a new and valuable consideration. They were to return to work, which they did, and their future work would benefit these defendants, as they would thereby have their timber manufactured into lumber. The promise by them to plaintiffs, and on which plaintiffs acted, was binding on these defendants. Thornton v. Williams, supra; Westmoreland v. Porter, 75 Ala. 452; Aultman v. Fletcher, 18 So. 215, 110 Ala. 459.

[2] There is evidence tending to show that each plaintiff had a right to recover against the defendants King Mill & Lumber Company and the members of the partnership; and the court erred in giving the general affirmative charge with hypothesis in their favor. Brown v. Mobile Electric Co., 91 So. 802, 207 Ala. 61, headnote 8; McMillan v. Aiken, 88 So. 135, 205 Ala. 35, headnotes 9-11.

That part of the judgment of the court in favor of King Mill & Lumber Company and the members of the partnership against the plaintiffs must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.