(107 So. 801)

## NEWELL CONTRACTING CO. v. GLENN.
(3 Div. 747.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Appeal and error ⬤⟹1040(11)—Error in overruling demurrer to common count on open account will not work reversal, where recovery must be assigned to second count for work and labor done.**

Where recovery must, under evidence, be assigned to second count in complaint for work and labor done, error in overruling demurrer to common count on open account will not be allowed to work reversal.

**2. Pleading ⬤⟹201—Overruling demurrer to count for work and labor, failing to state sum sued for was unpaid, will not be held error, where sum due on certain date was alleged, and demurrer failed to distinctly point out defect. (Code 1923, §§ 9479, 9531, form 10).**

Overruling demurrer to defective count, under Code 1923, § 9531, form 10, as failing to state that sum sued for was still unpaid, will not be held error, where count alleged sum due on date prior to suit, and demurrer failed to point out defect with distinctness required by section 9479.

**3. Appeal and error ⬤⟹1040(11)—Ruling on demurrer to count is of no consequence on defendant's appeal, where general charge against count was given.**

Ruling on demurrer to common count for money had and received is of no consequence on defendant's appeal, where general charge against that count was given by trial court.

**4. Appeal and error ⬤⟹502(7)—Error in overruling motion for new trial, based on deficiency of evidence, cannot be reviewed on appeal, where no exception to ruling was shown by bill of exceptions (Code 1923, § 6088).**

Error in overruling motion for new trial, based on alleged deficiency in evidence, cannot be reviewed on appeal, where no exception to ruling is shown by bill of exceptions, notwithstanding Code 1923, § 6088.

**5. Trial ⬤⟹194(7)—Instruction in suit against highway contractor for work and labor done, charging that, if jury is reasonably satisfied, defendant was indebted to plaintiff in sum named, as to which amount there was no controversy, verdict would be for plaintiff for such amount, held not error.**

In suit against highway contractor to recover for work and labor done, instruction that, if jury is reasonably satisfied from evidence that defendant is indebted to plaintiff for cer-

tain sum, verdict will be for plaintiff for such amount, *held* proper, although rather suggestively naming amount for which plaintiff was suing, as to which however there was no dispute.

**6. Trial ⬤⟹228(3).**

Instruction *held* not erroneous, though omitting certain words where sense was clear.

**7. Appeal and error· ⬤⟹1068(5).**

Refusal of general charge was not reversible error, where referring to count under which recovery was not had.

**8. Highways ⬤⟹113(4)—Instruction in suit for work and labor on road, that burden was on plaintiff to satisfy jury he was in employ of defendant, held properly refused, where recovery was based partially on defendant's agreement to pay plaintiff for work done for another person in consideration of plaintiff's continuing in his employ.**

In suit against highway contractor to recover for work and labor done on road, requested instruction that burden was on plaintiff to satisfy jury that he was in the employ of defendant *held* properly refused, where partial recovery was claimed for work done for subcontractor, which defendant had promised to pay for as consideration for plaintiff's continuing in his employ.

**9. Frauds, statute of ⬤⟹33(2)—Promise by highway contractor to pay employee for work done for subcontractor, in consideration of employee's continuing to work, held not within statute.**

Statute of frauds is inapplicable to highway contractor's promise to pay employee for work done for subcontractor in consideration of employee's continuing work, as being based on valuable consideration, beneficial to employer.

**10. Highways ⬤⟹113(4)—Instruction in suit against highway contractor for work and labor that, if plaintiff was employed by independent contractor, defendant was not liable, held properly refused, where recovery was partially based on defendant's promise to pay plaintiff for work done for subcontractor in consideration of plaintiff's continuing work.**

In suit to recover for work and labor, charge that, if jury found that another person employed plaintiff and such person was independent contractor, defendant was under no contract to pay plaintiff for work done for independent contractor, *held* properly refused, where recovery was based partially on defendant's promise to pay plaintiff for work done for another person in consideration of plaintiff's continuing work.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Action by J. R. Glenn against the Newell Contracting Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

These charges were given for plaintiff:

———

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(1) The court charges the jury that, if you are reasonably satisfied from the evidence that the defendant is indebted to the plaintiff in the sum of $566.92, then your verdict will be for the plaintiff for such amount."

"(2) The court charges the jury that, if you believe from the evidence that the defendant's duly authorized agent, within the line and scope of his authority, promised the plaintiff to pay whatever amount was then due from Nixon to the plaintiff, if plaintiff would work or continue to work on said road for defendant, then that promise, if made, was for a valuable consideration and is valid."

The following requested charges were refused to defendant:

"(9) The court charges the jury that the burden is upon the plaintiff to reasonably satisfy you from the evidence that he was in the employ of Newell Contracting Company, and, unless the plaintiff has sustained this burden, you cannot find for the plaintiff under either count of the complaint."

"(10) If you find from the evidence that J. E. Nixon employed plaintiff and plaintiff continued in the employment of J. E. Nixon, and you further find that J. E. Nixon was an independent contractor, then I charge you that defendant was under no contract or legal duty to pay to the plaintiff any money for work and labor performed by plaintiff for said independent contractor."

Gibson & Davis, of Birmingham, for appellant.

Count 1 was demurrable for failure to aver that the money claimed was due from defendant. Dixie Ind. Co. v. Manly, 57 So. 49, 2 Ala. App. 365; Smythe v. Dothan F. & M. Co., 52 So. 398, 166 Ala. 253; Kelly v. Burke, 31 So. 512, 132 Ala. 235. Count 2 fails to aver that the sum claimed was still due and unpaid, and was subject to demurrer. Authorities supra. The motion for a new trial should have been granted. Moore v. First Nat. Bank, 36 So. 777, 139 Ala. 595.

Foster & Foster, of Montgomery, for appellee.

If there was error in rulings on demurrer as to the first count, it was harmless. Sup. Ct. rule 45; Best Park Co. v. Rollins, 68 So. 417, 192 Ala. 534, Ann. Cas. 1917D, 929; 4 C. J. 1169; Jackson v. Vaughn, 86 So. 469, 204 Ala. 543; Ex parte Little Cahaba Coal Co., 105 So. 648, 213 Ala. 596. A demurrer must distinctly set out the grounds. Code 1923, § 9479. No exception being shown, the judgment on motion for new trial is not presented for review. Akin v. Chancy, 93 So. 408, 207 Ala. 523; Foster Co. v. Thompson, 82 So. 454, 203 Ala. 204; Ala. F. & I. Co. v. Courson, 101 So. 638, 20 Ala. App. 313; Grace v. Old Dominion Co., 105 So. 707, 213 Ala. 550. Charge 1, given for plaintiff, was correct. Republic I. & S. Co. v. Smith, 86 So. 908, 204 Ala. 607. So of charge 2. Aquilino v. B. R., L. & P. Co., 77 So. 328, 201 Ala. 34; B. R., L. & P. Co. v. Milbrat, 78 So. 224, 201

Ala. 368; Sou. Ry. v. Beaty, 103 So. 658, 212 Ala. 608. Defendant's requested charges were properly refused. Locke v. Humphries, 60 Ala. 117; Dunbar v. Smith, 66 Ala. 490; Thornton v. Williams, 71 Ala. 555.

SAYRE, J. [1, 2] Plaintiff (appellee) was unable to follow the Code form for the common count on an open account, count 1. The count as drawn was defective as specifically pointed out, and defendant's demurrer should have been sustained. Smythe v. Dothan F. & M. Co., 52 So. 398, 166 Ala. 253. But the error complained of in this connection will not be allowed to work a reversal of the judgment, for the reason that the recovery must, under the evidence, be assigned to the count for work and labor done, the second count of the complaint. The second count, and indeed the whole complaint, was defective, for that it failed to conclude, as does the form of the Code, § 9531, form 10, that the sum sued for was still unpaid, and we see no reason why this averment was omitted. But the count alleged a sum due on a date prior to suit brought, disclosed a cause of action, and the demurrer failed to point out the defect now insisted upon with that distinctness required by section 9479 of the Code. As to count 2, therefore, the ruling on demurrer cannot now be held for error.

[3] The ruling on the demurrer to count 3, the common count for money had and received to the use of plaintiff, is now of no consequence, since the general charge against that count was given by the trial court. Central of Georgia v. Hingson, 65 So. 45, 186 Ala. 40.

[4] Defendant's argument for error in overruling its motion for a new trial is based upon an alleged deficiency in plaintiff's evidence. No exception to this ruling is shown by the bill of exceptions. The question cannot be reviewed in this state of the record. Akin v. Chancy Bros. Co., 93 So. 408, 207 Ala. 523; Grand Bay Land Co. v. Simpson, 81 So. 548, 202 Ala. 606; Powell v. Folmar, 78 So. 47, 201 Ala. 271. We do not find that these decisions have been affected by the codification in section 6088 of the Code of 1923 of the Act of September 22, 1915, p. 722, § 1. However, there was evidence to sustain plaintiff's case and sufficient to support a recovery.

[5, 6] The objections taken against the charges given for plaintiff, marked by us on the margin of the record, "1" and "2," are hypercritical. There was no error in giving these charges. Charge 1 rather suggestively named the amount for which plaintiff was suing; but as to that there was no dispute; the only question at issue between the parties being whether defendant was liable to plaintiff. It was not denied that, if liable at all, the amount was that named in the charge. As for charge 2, some words were omitted, but they were not necessary to

the meaning and intent of the charge which could not have very well been misunderstood.

[7] The court refused the general charge requested by defendant as to counts 1 and 2. The charge as to "1" might well have been given; the refusal of the charge as to "2" was clearly right, since, very clearly, plaintiff had evidence tending strongly to support his case. The charge as to "1" might have been given, as we have said, but there was no reversible error in refusing it, for the reason that the recovery must in any event be referred to count 2.

[8, 9] The charge which we have numbered 9 in the margin of the record was misleading. Defendant was building a road under contract with the state highway department. While performing a part at least of the work for which plaintiff claimed a recovery, he was not in the employment of defendant— his case was that he was employed by a subcontractor, that he was about to abandon the work because he was not being paid according to his agreement, when defendant, for whom the work was being done, promised to pay for the part already done and as well that remaining to be done if plaintiff would carry on the work to a finish, and that, in consideration of this agreement, he completed the work. On this showing, if accepted by the jury, as it well may have been, plaintiff was entitled to recover. Defendant suggests the statute of frauds; but we think it inapplicable, because the promise to pay by defendant was upon a new and valuable consideration, beneficial to the promisor, the defendant. Mason v. Hall, 30 Ala. 599; Locke v. Humphries, 60 Ala. 120; Thornton v. Williams, 71 Ala. 555; Moore v. First National Bank, 36 So. 777, 139 Ala. 595.

[10] The charge we have marked "10" for like reasons was well refused. Moreover, the charge ignored plaintiff's evidence that defendant promised, on the consideration stated above, to pay plaintiff for his work which was done for the benefit of defendant.

Finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.