(115 So. 389)

## COPELAND v. BEARD. (6 Div. 986.)

Supreme Court of Alabama. Jan. 26, 1928.

**1. Novation ⬤➡5—Transaction whereby subvendee purchased property from vendee and assumed original vendor's debts and original vendor released vendee from promise to pay such debts constituted novation.**

Transaction between debtor, vendee of his property, and subvendee, whereby the subvendee purchased the property and assumed the obligation to pay creditors and the original debtor-vendor released the vendee from his assumption of indebtedness, constituted novation, supported by valuable consideration, having effect, as between immediate parties, of rescission of vendee's promise to pay creditors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

**2. Contracts ⬤➡187(5)—Creditor has election to accept or reject as debtor one who assumes indebtedness.**

Where third person contracts with debtor for valuable consideration to assume and pay his debt, creditor has an election to accept or reject the new party as his debtor, and may, if he chooses, ignore the offer and proceed to enforce all his remedies against the original debtor.

**3. Contracts ⬤➡187(5) — Suit by creditor against original debtor, without notice of third party's assumption of debt, is not election to reject agreement, whereas action against new debtor constitutes acceptance.**

Suit by creditor against original debtor, without notice that another has assumed to pay indebtedness, does not constitute election to reject assumption agreement, since election requires knowledge of the facts, but action against person assuming debt is sufficient election by the creditor to affirm the contract made for his benefit.

**4. Contracts ⬤➡187(5)—Creditor's acceptance of promise of third party to assume indebtedness did not thereby release original debtor.**

Creditor who accepted promise of third party, made for creditor's benefit, to assume indebtedness, and who brought action thereon against new debtor, did not thereby release original debtor, unless contract between original debtor and person assuming indebtedness so stipulated and creditor was informed thereof, and such transaction gave original debtor position analogous to that of surety.

**5. Contracts ⬤➡187(5)—Creditor's right of action against third person assuming indebtedness becomes fixed only on creditor's consent prior to revocation of offer.**

Creditor's right of action against third person agreeing with original debtor to assume indebtedness is determined according to law of contracts, and becomes fixed only by creditor's consent to agreement between third person and original debtor, while such agreement, which is in the nature of an offer, remains open, and by communication of consent to other parties to contract.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Contracts ⬅187(5)—Creditor's consent to third person's assumption of indebtedness is proved as in other contracts.**

Consent of creditor to third person's agreement to assume indebtedness is proved in same manner as in other contracts, and consideration for promise passing between original and new debtor is consideration for the completed contract.

**7. Contracts ⬅187(5) — Communication of creditor's consent makes agreement to assume indebtedness binding unless all consent to rescission.**

Communication of creditor's consent to third person's agreement with debtor to assume indebtedness completes contract, which cannot then be rescinded without consent of all three parties.

**8. Contracts ⬅187(5)—Creditor held not entitled to maintain assumpsit against debtor's vendee assuming indebtedness, where subvendee assumed debts and original debtor released vendee before creditor assented to vendee's agreement.**

Where debtor conveyed real and personal property to vendee, who assumed to pay specified debts, and vendee in turn on same day and before creditor assented to his agreement resold property to subvendee in return for subvendee's assumption of same indebtedness and original debtor's release of vendee, creditor was not thereafter entitled to maintain action of assumpsit against original vendee for recovery of debt which he assumed, since offer to assume indebtedness had been revoked prior to creditor's consent to agreement.

**9. Contracts ⬅187(5)—Failure to maintain status quo as to ownership of property held not to render vendee, assuming vendor's indebtedness, liable to creditor in absence of fraud, where vendee was immediately released and subvendee assumed indebtedness.**

Fact that one purchasing property from debtor and assuming indebtedness resold property to another person instead of returning it to original debtor *held* not to render vendee liable in suit by creditor in absence of fraud, where subvendee likewise assumed indebtedness and vendee was released prior to creditor's consent to his agreement, where original debtor and subvendee were solvent so that change in ownership in property did not work fraud or affect creditor's power to collect his debt.

**10. Fraudulent conveyances ⬅34—Solvent debtor's release of promise of vendee of his property to pay indebtedness held not fraudulent as to creditor where solvent subvendee assumed indebtedness.**

No question of fraud was presented, as to creditor by debtor's release of vendee of his property assuming indebtedness in return for assumption agreement of subvendee, where both original debtor and subvendee were solvent and able and willing to pay demand.

Certiorari to Court of Appeals.

Suit by Mrs. B. V. Beard against Marvin Copeland. Judgment for plaintiff was affirmed by the Court of Appeals (115 So. 385),

and defendant petitions for certiorari to review the judgment of the Court of Appeals. Writ granted. Judgment reversed, and case remanded.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Where a party has made a contract with another, whereby he assumes and agrees to pay the debt of said person to some stranger or third person, such contract may be rescinded at any time before such third person or stranger accepts the contract or asserts his rights thereunder. Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819; Georgia Home Ins. Co. v. Boykins, 137 Ala. 350, 34 So. 1012; Pugh Stone Co. v. Barnes, 108 Ala. 167, 19 So. 370; Carver v. Eads, 65 Ala. 190; 21 A. L. R. 462, note. Promisor may interpose, as against promisee's creditor, for whose benefit the contract was made, any defense available as between himself and the promisee, where the creditor beneficiary has not acted in good faith upon the promise so as to alter his position. Clark & Co. v. Nelson, supra.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

Brief did not reach the Reporter.

BOULDIN, J. Taking the facts from the findings of the Court of Appeals, the essential question here for review on certiorari may be briefly stated thus: Where a debtor sells and conveys real and personal property, upon consideration in part that the purchaser shall assume and pay specified debts of the vendor, and, on the same day, before the creditors for whose benefit the promise is made have assented thereto, the purchaser resells and conveys the property upon consideration in part that the subpurchaser shall assume and pay the same indebtedness, and the original vendor debtor thereupon releases the original purchaser from his promise to pay, can such creditor thereafter maintain an action of assumpsit against the original purchaser?

In Clark v. Nelson, 216 Ala. 199, 112 So. 819, this court, after a review of the authorities, approved the general statement of the doctrine in cases of rescission by Mr. Williston:

"The creditor's right is purely derivative, and, if the debtor no longer has a right of action against the promisor, the creditor can have none." 1 Williston on Contracts, § 397.

After quoting from our own cases, it was said:

"We think, therefore, this court is definitely committed to the doctrine that the promisor may interpose any defense that was permissible as between himself and the original debtor, including, of course, mutual rescission of the contract so long as the creditor had not acted in good faith upon the promise so as to alter his

position." Clark v. Nelson, 216 Ala. 199, 112 So. 821.

The Court of Appeals takes the view that the case at bar is to be differentiated from the Nelson Case, saying (115 So. 385):

"The recent case of Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819, is based upon the rescission of the contract, before acceptance by the debtor, thereby placing the parties in statu quo. There is a vast difference between a rescission, where the property transferred as the consideration for the agreement to pay a creditor is reconveyed to the contracting debtor and a subsequent agreement to release a purchaser of the debtor's property who had agreed to pay a creditor in consideration of property transferred to him without a reconveyance of the property."

Is the distinction thus declared sound in principle?

[1] The transaction between the debtor, his vendee, and the subvendee, whereby the latter purchased the property, assumed the obligation to pay creditors, and the debtor released the original promisor, was, as between them, a novation. It was supported by a valuable consideration, as in other cases of novation. All right of action in the promisee, the debtor, as against his promisor, the vendee, was released. Whether such release may be aptly called a rescission of the promise to pay creditors seems unimportant. As between the immediate parties to the transaction it had the same effect.

[2] When a debtor contracts with another, for a valuable consideration, to assume and pay his debt, the creditor has an election to accept or reject the new party as his debtor. He may ignore the offer and proceed to enforce all his remedies against the original debtor. Henry v. Murphy, 54 Ala. 246.

[3] An election requires knowledge of the facts. So a suit against the original debtor without notice that another has assumed to pay it does not constitute an election to reject the agreement. Young v. Hawkins, 74 Ala. 370. An action against the promisor assuming to pay the debt is a sufficient acceptance—an election to affirm the contract made for the creditor's benefit. Carver v. Eads, 65 Ala. 191.

There is difference of view as to the status of the parties after acceptance of the agreement by the creditor. Some authorities hold that upon election to accept the benefits of the contract, he releases the original debtor. These cases proceed on the idea that the contract made between the debtor and the assuming party, while binding between themselves, is, as to the creditor, an offer of novation. Several of our earlier cases quite clearly proceed on this view. The Nelson Case, in course of discussion, recognizes these decisions.

The other view is that by the contract wherein the debtor sells property in consideration that the purchaser assumes the payment of debt, the latter becomes, as between the immediate parties, the principal and the debtor a quasi surety, and the creditor, upon acceptance of the arrangement, may sue either or both. This latter view is distinctly held in People's Savings Bank v. Jordan, 200 Ala. 500, 76 So. 442; Tyson v. Austill, 168 Ala. 525, 53 So. 263; Moore v. First Nat. Bank of Florence, 139 Ala. 595, 606, 36 So. 777.

This is the prevailing doctrine in other jurisdictions. 1 Williston on Contracts, § 393. While our cases involved directly conveyances by a mortgagor, the purchaser assuming the mortgage debt, no sound distinction exists between them and the instant case.

The question is here involved only incidentally in defining when the rights of the creditor to sue the promisor becomes fixed, and not subject to rescission or release. It is said the promisor and promisee may rescind at any time before the creditor alters his position. If bringing suit against the promisor releases the original debtor, this would clearly alter the creditor's position for the worse, if a right of rescission still exists. If such action does not release the original debtor, then the inquiry is, When is the creditor's position so altered that his rights become fixed and beyond the power of the original parties to rescind or release?

[4] We now adopt the doctrine that by acceptance of the promise made for his benefit, and action thereon, the creditor does not release the original debtor, unless so stipulated in the contract and made known to the creditor.

Both parties invite the creditor to accept the contract. The debtor has the benefit of the promise for his protection in case he is still required to pay. The creditor being thus invited to avail himself of the contract, we think no fair intendment can be indulged that he shall thereby take the hazard of losing his debt, if the promise so recommended proves unavailing.

[5-8] Coming then to the question of when the creditor's right of action against the promisor becomes fixed, we think it properly determinable on the basic law of contracts. So long as the contract to assume is between the debtor and his promisor only, the creditor is not a party thereto. He can become so only by his consent. At the same time, the contract, in the nature of it, is an open offer to the creditor. His assent while the offer is open is all that is required. When the minds of all parties consent to the same thing at the same time, and such consent is communicated between them, the contract is complete.

Consent in such case may be proven in the same manner as in other contracts. The consideration for the promise passing between promisor and promisee is also consideration for the completed contract between all par-

ties. The tripartite contract being consummated, it cannot be rescinded without the consent of all. It follows that the creditor's assent to the contract, made known to the promisor, who is expected to pay, is the only change of position required. But the assent must be to a promise in force at the time. The right of contract is the right to rescind or modify.

The principle of the Nelson Case, supra, is applicable to the present case. The same doctrine that the creditor must have assented while the promise remained in force is recognized in Farrell v. Anderson, 211 Ala. 239, 100 So. 205, and Moore v. First Nat. Bank of Florence, 139 Ala. 595, 606, 36 So. 777.

The case of Biddle v. Pugh, 59 'N. J. Eq. 480, 45 A. 626, involved the right of the mortgagee to hold the vendee of a mortgagor after a sale to a subvendee. Successive vendees had, as between themselves and their immediate grantors, assumed the payment of the mortgage debt. It was declared that the mortgagee's "right is subject to such action as the mortgagor and purchaser may have taken to modify or rescind the contract." The first purchaser was held still bound because the mortgagor had never released him from his obligation. See, also, note 21 A. L. R. 462 et seq.

[9] The Court of Appeals appears to hold the status quo as to ownership of the property must be restored. The ownership of the property is of no concern to the creditor except as it may affect his power to collect his debt. This turns upon an issue of fraud vel non in the transaction, as defined in the law of fraudulent conveyances. All participants in a fraud may be held to account in a proper form of action.

[10] No such question is presented here. So far as appears, the original debtor and the subvendee, whose promise is still open to the plaintiff creditor, are solvent, able, and ready to pay the. demand. It is a case of election to sue the vendee, who, before any acceptance of his promise, conveyed the property to another, who assumed the payment of plaintiff's demand, and after the promise had released defendant from the obligation.

Writ of certiorari granted; reversed and remanded.

All the Justices concur.