(124 So. 412)

## STONE v. KELLETT MOTOR CO.
### (7 Div. 904.)

Supreme Court of Alabama.   Oct. 31, 1929.

Lee S. Baker, of Ft. Payne, for appellant.

C. A. Wolfes, of Ft. Payne, for appellee.

GARDNER, J. The plaintiff in this action, the Kellett Motor Company, sues defendant for balance due on the purchase price of a tractor sold by plaintiff to one E. B. Stone, who had executed a mortgage thereon as security for the debt. The cause was tried by the court without a jury, resulting in a judgment for the plaintiff—from which defendant prosecutes this appeal.

The defense rested largely upon the insistence that there was no evidence of a release of E. B. Stone, the original debtor, and the mere verbal promise of defendant to pay the debt comes within the influence of the statute of frauds, and is therefore unenforceable. Section 8034, subd. 3, Code 1923; Thornton v. Guice, 73 Ala. 321.

This argument, however, leaves out of consideration the authorities of this jurisdiction to the effect the statute is without application where the promise is based upon a new and valuable consideration moving to the promisor. Mitchell v. Hickman, 208 Ala. 344, 94 So. 284; Borden v. King Mill & Lbr. Co., 214 Ala. 308, 107 So. 455; Westmoreland v. Porter, 75 Ala. 452; Coleman v. Hatcher, 77 Ala. 217. In such a case "the debt of another * * * comes in incidentally as a measure of damages." Westmoreland v. Porter, supra.

The evidence brings the case within these latter authorities, and is to the effect that plaintiff gave consent for the tractor to be delivered to defendant upon his express promise to pay the balance due therefor. It was so delivered and used, and two payments made by defendant in pursuance of said promise. The whole transaction, while in form a mere promise of guaranty or suretyship, yet in fact becomes a new agreement supported by a valuable consideration—in the instant case a delivery of the tractor to defendant, with plaintiff's consent based upon the new promise. Indeed, in the recent case of Copeland v. Beard, 217 Ala. 216, 115 So. 389, it was noted that the consideration of the promise passing between promisor and promisee is also consideration for the completed contract between all parties.

Defendant further insists the promise to pay was conditioned upon the original debtor working at the mill, which condition was not met. The evidence, however, fully justifies the conclusion that, if there was any such understanding as between defendant and the original debtor, it was not made known to plaintiff, and that the promise to the latter was express and unconditional.

There is suggestion in brief of fatal variance between the averments of the complaint (count 1) and the proof, in that the evidence tends to show the purchase of the tractor was not made by defendant but by the partnership, the Stone Lumber Company. Defendant was part owner of the Stone Lumber Company, and he it was who made the promise to plaintiff to pay for the tractor. It is settled in this state that a "creditor may declare on the debt, as the individual liability of the partner sued." First Nat. Bank v. Capps, 208 Ala. 207, 94 So. 109. There was therefore no material variance.

What has been said suffices for our conclusion that the demurrer to count 1 was properly overruled, and that the evidence amply justified the judgment rendered.

We find no error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.