140 So. 393

## LAW et al. v. OGLE.

### 6 Div. 107.

Supreme Court of Alabama.

March 17, 1932.

Edw. T. Rice, of Birmingham, for appellants.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

BROWN, J.

This is an action of assumpsit on a promissory note executed by the defendants to the plaintiff on June 14, 1927, and payable, on its face, on the 14th day of September, 1927, for $437.50.

The note was given as part payment for a commission to the plaintiff as a real estate broker or agent, earned in effecting the exchange of certain real estate between the defendants and the Drs. Sparks. It was, however, stipulated in the note that "this note to be paid when all or any piece of property traded has been sold and cash payment, less commission, has amounted to face of this note."

The pleas were the general issue, payment, release and discharge of the defendants from liability by mutual agreement of the parties and other consideration, and fraud and deceit practiced by the plaintiff on defendants in effecting the exchange of the property.

The trial was before the court, without the intervention of a jury, on documentary evidence and testimony given ore tenus, resulting in a judgment for plaintiff; hence this appeal.

It appears without dispute that part of the property received by the defendants in exchange from Drs. Sparks was sold to one Landers, for $875.14, and that the defendants were not required to pay any commission on that sale. While the plaintiff testified in his own behalf that in the sale of some of the other property to Mazer no cash was to be paid in that transaction, and that he was paid a commission of $500 in that transaction, the testimony of the defendants goes to show that they received a check for $800 cash, net to them, and, in addition thereto, that the mortgage for $1,600 taken as part payment in the Mazer transaction was paid a few days thereafter, making a total of cash received by defendants from said property, $3,275.14.

Construing the stipulation in the note in the light of the circumstances surrounding the parties, its clear intent was to relieve the defendants from payment until they had received sufficient cash out of the property, over and above commissions expended by them in disposing of the property, to meet the note.

Our judgment, therefore, is that the evidence sustains the conclusion and judgment of the trial court.

The testimony as to whether or not there was a subsequent agreement as set up in the defendants' plea 4½ is in conflict, and we are not able to affirm that the court erred in holding that defendants failed to meet the burden of proof on this issue. Hackett v. Cash, 196 Ala. 403, 72 So. 52. The same is true as to the plea setting up fraud and deceit.

The motion for a new trial and the rulings of the court thereon are not made a part of the bill of exceptions, and therefore cannot be considered. Code 1923, § 6088; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.