153 So. 739

WATERS v. BLACKMON.

6 Div. 435.

Supreme Court of Alabama.
March 22, 1934.

Rehearing Denied April 12, 1934.

Wm. S. Pritchard, Jas. W. Aird, and Thos. H. Fox, all of Birmingham, for appellee.

London, Yancey, Smith & Windham, of Birmingham, for appellant.

464

THOMAS, Justice.

The suit was by way of common counts and for chattels sold by plaintiff on April 9, 1931.

The pleas were in short by consent.

The law is well settled as to the effect of the statute denying the right of the wife to become surety for the husband's debts. Section 8272, Code; Mitchell v. Sessoms Grocery Co. (Ala. Sup.) 153 So. 282,[1] and authorities; Dewberry v. Bank of Standing Rock (Ala. Sup.) 150 So. 463;[2] Alabama Farm Bureau Credit Corporation v. Helms (Ala. Sup.) 151 So. 589;[3] Hanchey v. Powell, 171 Ala. 597, 55 So. 97; Huntsville Bank & Trust Co. v. Thompson, 212 Ala. 511, 103 So. 477; Rollings v. Gunter, 211 Ala. 671, 101 So. 446; Street v. Alexander City Bank, 203 Ala. 97, 82 So. 111.

It is further unnecessary to restate the decisions and constructions of the statute of frauds, to the effect that the requirements for a "special promise" of one person to answer for the debt, default, or miscarriage of another, to be valid and binding, must be in writing or writings, or some note or memorandum thereof, expressing the consideration, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing. Section 8034, subsec. (3); Paris v. Johnson, 155 Ala. 403, 46 So. 642; Jenkins v. Harrison, 66 Ala. 345; Homan v. Stewart, 103 Ala. 644, 16 So. 35; White v. Breen, 106 Ala. 159, 19 So. 59, 32 L. R. A. 127; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 187, 115 So. 230.

In cases where the original debtor is released or discharged, or the *promise* or obligation rested upon a new and valuable consideration, moving from a third person, or is substituted in place of that of the debtor, the statute of frauds has no application. Thornton v. Guice, 73 Ala. 321, 322; Thornton v. Williams, 71 Ala. 555; Lang v. Leith, 16 Ala. App. 295, 77 So. 445; 59 A. L. R. 184 note.

In Thornton v. Williams, 71 Ala. 555, opinion by Judge Stone, it was held that an agreement by the landlord (after an abandonment of the crop by a share tenant), with a person who had made advances to make that crop, that the latter could have the crop gathered, pay his own claim, and pay over the remainder to the landlord is not a promise *to answer for the debt, default, or miscarriage of another,* "but, even if the agreement * * * could be construed to be a promise by the appellee to pay the debt * * * to the appellant, *there was a new and valuable consideration for the promise,* which would take it from under the influence of the statute of frauds." (Italics supplied.) La Duke v. John T. Barbee & Co., 198 Ala. 234, 73 So. 472; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801. And to like effect are Borden et al. v. King Mill & Lumber Co., 214 Ala. 308, 107 So. 455; Stone v. Kellett Motor Co., 220 Ala. 171, 124 So. 412, and Mitchell v. Hickman, 208 Ala. 344, 94 So. 284; 74 A. L. R. 1025 note. In such a case the debt of another "comes in incidentally as a measure of damages." Westmoreland v. Porter, 75 Ala. 452, 458.

It will be noted that Mr. Waters, the defendant's husband, was adjudged a bankrupt before the date of the exchange of letters between counsel, and the bankrupt's estate was then in process of administration. The plaintiff was given a lease-sale contract on the furniture that was duly recorded, not surrendered to Waters, and was in plaintiff's possession on the date of this trial. The debt was never paid, and Waters testified that he did not sign such lease-sale contract and that no lien was retained by the vendor and the contract was marked paid.

The evidence further tended to show that after Waters became a bankrupt the furniture was moved out of the state, and after a search was located and thereafter returned to the state, and that prior to the time of the bankrupt proceedings, the furniture, pianos, and other items were transferred by Waters to the appellant, and she claimed them as her separate estate by virtue of that transfer; that when the transfer was made the lease-sale contract was of record, and hence the wife was charged with notice of the vendor's lien. The evidence shows that the furniture (except that destroyed by fire) was continuously in the possession of the appellant and her husband; that it was in their possession at the time of the trial; and that its purchase price had not been paid.

There was evidence from which the jury might have inferred that Mrs. Waters had been or was represented by the attorney acting for her; that he appeared respectively for her and her husband, in the equity suit,

[1] Ante, p. 360.
[2] 227 Ala. 484.
[3] 227 Ala. 636.

and in the bankrupt court touching the dealings of the husband and wife and their properties and transfers thereof; that the husband and wife had a joint account in the bank, and appellant as a witness said: "I think my husband signed my name to checks. * * * I knew that he was signing my name to checks. He had the right to withdraw money deposited in my name during that period." That "the money belonged to both of us."

The appellee testified that Mrs. Waters made a payment or payments pursuant to the attorneys' agreement of April 9, 1931.

It is not of moment that the detinue suit was not actually dismissed in court; it was not further prosecuted after the agreement of respective counsel.

■■ When a husband purchases property to which the title is retained, sells and transfers it to the wife, and she, thereafter, promises the original vendor to pay the balance due, in acquittance of his title, *and in consideration of the permission to retain the possession, the wife's promise is new and original*, and not within the statute of frauds, as a promise to *pay the debt of another on the failure of that other to pay*. Westmoreland v. Porter, 75 Ala. 452; Linam v. Jones, 134 Ala. 570, 578, 33 So. 343; Stone v. Kellett Motor Co., 220 Ala. 172, 124 So. 412; Copeland v. Beard, 217 Ala. 216, 115 So. 389; Clark & Wadsworth v. Jones; 85 Ala. 127, 131, 4 So. 771. As a new and original undertaking, the wife does not thereby become surety for the husband, as denied by statute, section 8272 of the Code.

■ The wife denies the purchase of the superior title and the right of possession to the furniture, and denies the promise to pay in the event of recovery on the insurance that was effectuated and embraced a part of the property which was the subject of the lease sale contract to appellee. The authority of counsel to bind a client by his agreements, or to compromise a judgment or collect otherwise than in money, a money judgment, was discussed in Berk v. State ex rel. Thompson, 225 Ala. 324, 142 So. 832, 84 A. L. R. 740. It will be observed that the detinue was for the furniture and the insurance money was in lieu of that part of the furniture destroyed by fire. The evidence was subject to the reasonable inference by the jury, of the relation of attorney and client in the detinue suit against the husband, that of the wife in the creditor's effort to set aside the alleged fraudulent conveyance against the wife, and that of the wife in the effort for

recovery of the insurance claim of the wife —on real property and on all of the furniture, a part of which was the subject of the suit in detinue. That is, the furniture which was embraced in the lease-sale contract of the husband to the appellee, and that included with other property in the conveyances by the husband to the wife, was subject to consideration in the federal court, and a part of that personal property was the subject of the insurance money that was allowed the wife by the decree in the federal court on the faith of her asserted ownership. The husband procured the insurance on said properties, and did not disclose to the insurer the existence of that incumbrance or superior title of the lease sale contract.

The conveyance by the husband to the wife was, as we have indicated, before the fire and the institution of the detinue suit. This transfer and change of title and possession of the furniture were unknown to appellee or his counsel at the time the detinue suit was brought. When the appellee and his counsel were apprised of the fact of the transfer and of the effect of the litigation in the bankrupt court as affecting these matters, an agreement of counsel was entered into, as per the letters of dates of April 9 and April 20, 1931, having a material bearing or effect upon all of these issues, transactions, and interests of the wife and husband. During the pendency of the separate suits against the husband, the wife's effort to collect her insurance, the effort of the trustee in bankruptcy to set aside the husband's conveyance to the wife as fraudulent, and the payment and impounding of the insurance in the bankrupt court for the benefit of creditors, etc., were dependent upon this agreement of counsel; and the wife's ratification by payment on the purchase price resulted in the acquiring by the wife of the superior title to the furniture, and was necessary to the allowance of a large portion of the insurance by the decree of the district judge. It was thus desirable to the husband, the wife, and the vendor of the furniture, and was necessary to a right adjustment of the several asserted claims— as the wife's claim to the whole property, the subject of the husband's conveyance to her, and her right to collect any part of the insurance to have the superior title evidenced by the recorded lease-sale contract removed. And this is what this agreement of counsel of the parties did.

Did counsel have the authority to make the agreement in question, as affecting the husband's and the wife's rights under the conveyance, or as affecting the right of the

wife to collect the insurance, and as affecting appellee's superior right to a material part of the burned personal property? These were questions for the jury.

■ A decision of these material facts, rights, and titles, depends upon the agency vel non of the husband for the wife, that of the right and authority of the attorneys acting for the respective clients in the different suits, in clearing and asserting appellant's superior title to the furniture and the conditional sale and purchase of that title, and as affecting the right of the wife to collect the insurance, and to provisionally set apart an aliquot part of the general insurance, if and when awarded, to acquire, and compensate appellee for, her interest or title. Under the agreement of counsel, it was made plain that no question of adverse interest of the husband and wife existed as to the controversies presented by the several suits, and that the counsel could and did represent both husband and wife in all good faith. We have stated that these questions of fact were for the jury.

There was also presented by the evidence the question of ratification by the wife of the agreement evidenced by the correspondence between respective counsel. The evidence on this question was in dispute (McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135); and the questions of fact were properly submitted to the jury.

The ruling on evidence as to admission of correspondence of counsel depended upon the right interpretation of the respective statutes to which we have adverted. Sections 8034, 8272 of the Code.

■ The wife had the right to buy in the title reserved and evidenced by the lease sale contract, and thus clear her right to the insurance funds which were impounded in lieu of the property destroyed by fire (Alabama Farm Bureau Credit Corporation v. Helms, supra; Mitchell v. Sessoms Grocery Co., supra), and not become surety for the husband's debts. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

■ There was no offense of the statute of frauds, for the agreement was not that to stand for the debt, default, or miscarriage of another, but on a new and valuable consideration; was the promise to pay a certain portion of the insurance moneys for the superior and imperiled title as affecting the furniture then in use by appellant in her home and the proceeds of the *furniture and other property* destroyed by fire. Thornton

v. Williams, 71 Ala. 555, and cases following that announcement.

■ We find no reversible error in the rulings on evidence. The correspondence of counsel admitted in evidence, and the pleading in the case of Simpson, as trustee, against appellant, were relevant to the inquiry of fact for decision by the jury. There was no error in not allowing the appellant as a witness to detail what she said to counsel after the insurance matter was settled by the decree of the Federal District Court. She should not have been permitted to make statements for herself prejudicial to appellee's right to a part of the insurance fund.

We have considered the assignment of errors urged by counsel (Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158); and finding no error in declining to set aside the judgment and grant a new trial within the rule that obtains (Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Nashville, Chattanooga & St. Louis Railway v. Crosby, 194 Ala. 338, 70 So. 7), the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.