A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

169 So. 8

**STATE v. McCALL et al.**

**7 Div. 379.**

Supreme Court of Alabama.

June 18, 1936.

L. B. Rainey, of Gadsden, for appellees.

GARDNER, Justice.

Prohibited liquors were seized under writ issued out of the county court of St. Clair county, and one McCall interposed claim thereto; the trial in that court resulting in an order of condemnation, from which McCall appealed to the circuit court. There, under provision of section 4763, Code 1923, the case is tried de novo.

Appellee Messeroll intervened in the circuit court, filing claim to the liquors, and prayed to be allowed to interpose such claim. The motion of the state to strike this petition was overruled, and this action of the court is assigned for error. There was a jury trial, resulting in a verdict for Messeroll, and the state appeals.

There is no bill of exceptions, and of consequence no exception reserved. But such a motion comes within the influence of section 9459, Code, which requires the reservation of no exception. Nunez v. Borden, 226 Ala. 381, 147 So. 166. It is therefore here reviewable on this appeal.

Against this ruling the state insists that the provisions of sections 4753 and 4754, Code, are exclusive, and that no claim having been interposed by Messeroll in the county court it came too late, and was due to be stricken on that account. But we think this too narrow a construction of the statute. The notice provided for in the provisions of the Code had reference to the court where the seizure originated. On appeal, however, the trial is anew. Preceding sections (4752, 4753) make reference to final judgment as one entered either in the original court or the court to which the appeal is taken, and, clearly, such final order of condemnation was not to be entered in this cause until there was a disposition thereof on appeal. Section 4758, Code.

Section 4760 makes provision for separate claims of different persons, and the entire statute gives evidence of safeguarding the legal rights of any person having a bona fide claim to such liquors.

Messeroll's claim in the instant case was based upon the matter of interstate shipment with a mere temporary stop in St. Clair county; the evidence of good faith of which the jury accepted.

Our statute as to trial of rights to property generally (section 10375, Code) permits the interposition of claim by one not a party to the suit any time before a sale, and the language of section 4757, Code, indicates that such a general provision would also be applicable here in the absence of any statute to the contrary. We think there is no statute prohibiting the interposition of this claim by Messeroll on appeal, and that the court cannot be put in error for denying the motion to strike.

As to the motion for a new trial and the ruling thereon, this is not here reviewable in the absence of a bill of exceptions under section 6088, Code of 1923, as uniformly here construed. Law v. Ogle, 224 Ala. 344, 140 So. 393.

We find no error in the record. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.